# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RICARDO BEDOYA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:11CV42 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct the sentence imposed on a judgment of revocation, pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

On May 7, 1990, a jury found movant guilty of conspiracy to possess, with intent to distribute, cocaine. On July 13, 1990, movant was sentenced to 151 months' imprisonment and an eight-year term of supervised release. See U.S. v. Bedoya, Case No. 89CR803 (S.D. NY.). Movant appealed his conviction to the Second Circuit Court of Appeals.

On August 12, 2005, during movant's term of supervised release, he was charged with possession, with intent to distribute, 100 grams or more of heroin. U.S. v. Bedoya, 1:05CR118 JCH (E.D. Mo.). Movant pleaded guilty on March 31, 2006,

and on June 16, 2006, movant was sentenced to 108 months' of imprisonment, followed by a four-year term of supervised release.

On June 16, 2006, this Court also revoked movant's supervised release and sentenced movant to 37 months' of imprisonment, to run consecutively to his conviction in Case No. 1:05CR118 JCH. See U.S. v. Bedoya, 1:06CR21 JCH (E.D. Mo.). Movant appealed his conviction in Case No. 1:05CR118 JCH, but his appeal was dismissed in August of 2006. See U.S. v. Bedoya, Case No. 06-2715 (8th Cir.). However, movant did not appeal the revocation of his supervised release in Case No. 1:06CR21 JCH. The instant motion to vacate appears to be related to the judgment of revocation entered on June 16, 2006.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the

movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1). Movant's unappealed criminal judgment, the judgment revoking movant's supervised release, became final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing his direct appeal expired. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final ten (10) days after the judgment of revocation was entered on June 16, 2006. Fed. R. App. Proc. 4(b)(1) (2009). As a result, the one-year period of limitations under § 2255 expired on or about June 26, 2007. The instant motion was signed by movant on

March 11, 2011, almost four years after his time for filing his motion to vacate had passed.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than thirty (30) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed.

Dated this 23rd day of March, 2011.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE